RAMÓN VÉLEZ PÉREZ, Petitioner, *v.* DISTRICT COURT OF PONCE, Respondent.

No. 889.   Argued March 6, 1933.—Decided July 11, 1933.

R. *Hernández Matos* for petitioner. *E. Ramos Antonini* for respondent.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

Ramón Vélez filed in the Municipal Court of Ponce a complaint against Antonia Negrón de Arabía, claiming $400 as damages. Defendant answered, and the case having been set for trial, plaintiff filed a motion reading in part as follows:

"*Second.*—That no matter what the result of this case might be, the losing party will appeal to the District Court of Ponce. *Third.* —That under these conditions and in order to save time, plaintiff wishes that judgment be rendered against him."

The court rendered the following—

"*Judgment.*—This case having been called for trial, the parties appeared, and plaintiff presented a motion, alleging that no matter what the result of this case might be, the losing party would appeal to the District Court of Ponce, for which reason the plaintiff desired to gain time and moved that judgment be rendered against him. Wherefore, in view of the allegations in this case, the complaint, and the answer, the court grants said motion and accordingly dismisses the complaint in this case, without costs.—Ponce, P. R., November 25, 1932. (Sgd.)—F. H. Usera—Municipal Judge."

Plaintiff appealed to the district court and there defendant requested the dismissal of the appeal, "because the judgment appealed from having been entered against the plaintiff at his own request, said judgment became final (*firme*) from the moment it was rendered, and the same was not appealable." The district court dismissed the appeal on that ground.

Plaintiff and appellant thereupon brought certiorari proceedings in this court, alleging that the district court had deprived him of a right granted to him by law. In his brief, he cites some decisions and maintains that they show that the true judgments by consent are those rendered by virtue of an agreement between all the parties to the suit, and that there was no such agreement herein. He argues that the action taken by him can not be interpreted in the sense that he accepted that the suit be decided against him, his only purpose being to save time by appealing immediately to the district court.

Although the defendant in the main action appeared at the hearing before this court and was authorized to present a memorandum of authorities to support its contention, it failed to do so, for which reason we have not had the benefit of a real debate.

There is no doubt that plaintiff stated in his motion that he desired that judgment be rendered against him, and that judgment was so rendered. Nor is there any doubt that he stated that he made said request in order to appeal and save time.

Could plaintiff disregard at will the municipal court and fix for himself the scope which the judgment rendered should have? Not at all, in our view. The Legislature has established the municipal courts in order that they should decide the controversies within their prescribed jurisdiction. Plaintiff sought to recover $400, defendant denied the liability, and the resulting issue had to be decided by the municipal court upon the merits of the pleadings and the evidence in the case.

By its own terms, the judgment rendered dismisses the complaint at the request of plaintiff himself. It is true that it also shows the condition to which plaintiff tried to subject it, namely, that it would be appealable to the district court; but as he had no right to impose said condition, he can not now invoke it in his favor.

The net result was a judgment by consent, and it is clear that the party who consented to it can not appeal from it. The action of the District Court of Ponce was in accordance with the law, and the writ issued will be discharged and the record returned to said district court.